JOHN A. RODICK *et al. vs.* JOSIAH G. COBURN.

Androscoggin.    Decided April 4, 1878.

*Trover.    Sale.    Principal and agent.*

If the owner of an article of personal property delivers it to another to sell, the latter has no right to deliver it to his creditor in payment of his own pre-existing debt; and if he does so, the owner may maintain trover against the creditor without a previous demand.

ON EXCEPTIONS.

TROVER for a watch.

John W. McDuffee, once the undisputed owner of the watch, delivered it, with five others, to the plaintiffs, in pursuance of a · sale or as security.    They afterwards replaced it in McDuffee's hands, and took from him the following writing: "Lewiston, December 23, 1874.    Received of J. A. Rodick & Co. one Nordman, freres, stem winder, No. 21,549.    Money or watch to be returned Saturday next.    Value, $200.    J. W. McDuffee."

The watch was not returned to the plaintiffs, nor was the money paid; there was evidence having a tendency to show that the plaintiffs agreed that McDuffee should retain the watch a longer time, and that he did so retain it; that the watch was afterwards injured, and that McDuffee agreed to repair it; but the defendant claimed that there was no rescission of the agreement under which McDuffee held the watch.    The defendant had no knowledge of the terms upon which McDuffee held the watch or that the plaintiffs had any interest in it.   He purchased it of McDuffee in good faith, and paid him therefor by crediting the amount of the purchase money upon an indebtedness of McDuffee to him.    The defendant took and used the watch as his own.    No demand was made upon the defendant, nor was there any refusal on his part, till after the writ was placed in the officer's hands for service; but there was such a demand and refusal before service of the writ.

The defendant contended, among other things, that even if there was an absolute sale of the watch to the plaintiffs, still,

McDuffee so held the watch as to entitle him to it, and, as against the plaintiffs, give a good title to the purchaser; and that the defendant's possession was lawful, whether he could resist a suit by the plaintiffs for payment therefor or not; and that, under such circumstances, a demand and refusal were necessary to be shown before the commencement of the suit.

Among other things not objected to, the presiding justice charged the jury that under the evidence no demand was necessary; and upon the question of agency, as follows: "The plaintiffs aver that they did not leave the watch with McDuffee for sale, the last time it was delivered to him. They admit that they had previously let him take it into his possession for the purpose of selling it to Mr. Pilsbury, but they say the time within which he was to sell it had passed, and not having sold it he returned it to them, actually put it into the hands of one of them, and it was returned to McDuffee merely for the purpose of repairs. The defendant, on the contrary, claims, and McDuffee their witness testifies, that it was left with him for sale, and that his authority to sell it continued. I instruct you that if the watch was left with McDuffee to dispose of as he pleased, as if he was the owner of the watch, he would have the right to sell it to pay his own debt; but if it was left with McDuffee to sell for the plaintiffs, and his authority went no further than that, it would not justify him in turning it out to Mr. Coburn in payment of his own debt, and such a disposition of it would constitute no defense to the action."

The verdict was for the plaintiffs; and the defendant alleged exceptions.

*W. P. Frye, J. B. Cotton & W. H. White,* for the defendant.
*L. H. Hutchinson & A. R. Savage,* for the plaintiffs.

WALTON, J. If the owner of an article of personal property delivers it to another to sell, the latter has no right to deliver it to his creditor in payment of his own pre-existing debt; and if he does so, the owner may maintain trover against the creditor without a previous demand.

To the point that such a disposition of the property is unauthor-

ized. *Parsons* v. *Webb*, 8 Maine, 38. *Holton* v. *Smith*, 7 N. H. 446.

To the point that no previous demand is necessary. *Galvin* v. *Bacon*, 11 Maine, 28. *Whipple* v. *Gilpatrick*, 19 Maine, 427. *Badlam* v. *Tucker*, 1 Pick. 389, 397. *Woodbury* v. *Long*, 8 Pick. 543. *Hunt* v. *Holton*, 13 Pick. 216.

. The instructions to the jury were in accordance with these well established rules of law.

> *Exceptions overruled. Judgment on the verdict.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.